# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| **ARENA IP, LLC,** | |
| *Plaintiff*, | |
| **v.** | Civil Action No. 6:23-cv-054-DAE |
| **VERIZON COMMUNICATIONS, INC.,** | |
| *Defendant.* | **JURY TRIAL DEMANDED** |

## VERIZON COMMUNICATIONS INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR IMPROPER VENUE AND <u>FAILURE TO STATE A CLAIM</u>

# TABLE OF CONTENTS

**Page**

I.  FACTUAL AND PROCEDURAL BACKGROUND...........................................................1

II.  VENUE IS NOT PROPER IN THIS DISTRICT ...............................................................3

  A.  Legal Standard for Venue ....................................................................... 4

  B.  Verizon Does Not "Reside" in This District............................................. 4

  C.  Arena Does Not Provide Any Specific Factual Allegations That Verizon
      Has Committed Acts of Infringement In This District. ........................................ 4

III.  ARENA'S COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF ..........................5

  A.  Legal Standard For Failure To State A Claim ......................................... 5

  B.  Arena's Complaint Fails to Identify a Specific Accused Verizon Product ........... 6

  C.  Arena's Complaint Fails to Allege Facts Sufficient to Create a Plausible
      Inference that Each Element of the Claim is Infringed.......................................... 9

IV.  CONCLUSION...................................................................................11

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Aeritas, LLC v. Darden Corp.*, No. 6:20-cv-00938-ADA, 2021 WL 4868430
(W.D. Tex. Oct. 18, 2021) .................................................................................................1

*Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283 (Fed. Cir. 2021) .......................4

*Ashcraft v. Iqbal*, 56 U.S. 652, 678 (2009) ............................................................................. 5-6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .....................................................................5

*CPC Patent Techs. PTY v. Apple Inc.*, No. 6:21-cv-00165-ADA, 2022 WL
118955 (W.D. Tex. Jan. 12, 2022)................................................................................ 6, 8-9

*De La Vega v. Microsoft Corp.*, No. 6:19-cv-00612, 2020 WL 3528411 (W.D.
Tex. Feb. 11, 2020) .......................................................................................................11

*Estech Sys., Inc. v. Regions Financial Corp.*, No. 6:20-cv-00322-ADA, 2020 WL
6324321 (W.D. Tex. Oct. 28, 2020) ........................................................................5-6, 8-9

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017) ..........................1, 4

*Vervain, LLC v. Micro Tech., Inc.*, No. 6:21-cv-00487-ADA, 2022 WL 23469
(W.D. Tex. Jan. 3, 2022)...............................................................................................6, 9

*Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378 (Fed. Cir. 2019)...............................................5

*In re ZTE (USA) Inc.*, 890 F.3d 1008 (Fed. Cir. 2018) ...................................................................4

**Statutes**

28 U.S.C. §1400(a) ..........................................................................................................................4

28 U.S.C. §1400(b) .................................................................................................................. 1, 3-5

28 U.S.C. §1406(a) .................................................................................................................. 1, 3-4

35 U.S.C. § 271(a) ..........................................................................................................................7

**Other Authorities**

FED. R. CIV. P. 8 ..............................................................................................................................5

FED. R. CIV. P. 12(b)(3)...............................................................................................................1, 3

Venue as alleged in the Complaint is not proper in this District for Defendant Verizon Communications Inc. ("Verizon") and therefore this case should be dismissed.  Plaintiff Arena IP, LLC ("Arena") does not allege that Verizon has committed acts of infringement <u>in this District</u>. 28 U.S.C. §1400(b); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017). Rather, Arena's sole factual allegation of infringement recites actions at Raymond James stadium in Tampa, Florida.  Thus, the Court should dismiss this case for lack of proper venue.

Additionally, pursuant to Federal Rule of Civil Procedure Rule 12(b)(3) and 28 U.S.C. §1406(a), Verizon respectfully requests dismissal of Arena's Complaint, which is filled with naked assertions devoid of any factual support. It should thus be dismissed because it fails to serve its fundamental purpose—to provide fair notice of the factual bases for its allegations that each element of the asserted claim is infringed.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On January 27, 2023, Arena sued Verizon, accusing Verizon of infringing U.S. Patent No. 8,320,820 (the "'820 Patent" or "Patent-in-Suit").  Dkt. 1.  Arena's Complaint acknowledges that Verizon is a Delaware corporation. *Id.* ¶ 2. Arena asserts that Verizon has a regular and established place of business at 907 W 5th Street, Suite 703, Austin, Texas 78703 and "sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district." *Id*. This 5th Street Austin, Texas address is      a      Verizon      Business      Services      location      as      listed      online: https://www.verizon.com/local/tx/austin/907-w-5th-st (last visited April 4, 2023).[1] The Complaint

---

[1]    "In determining whether venue is proper, 'the [C]ourt is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments.'" *Aeritas, LLC v. Darden Corp.*, No. 6:20-cv-00938-ADA, 2021 WL 4868430, at *1 (W.D. Tex. Oct. 18,

also references unidentified intermediaries of Verizon who purportedly infringe and conduct or solicit business, "engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District." *Id*. ¶5.

Arena's infringement allegations accuse "Defendant's Accused Systems (e.g., wireless communicate data, including video captured throughout a venue, to hand held devices throughout the venue via two or more nodes) such as to cause infringement of at least claim 15 of the '820 patent, literally or under the doctrine of equivalents." *Id*. ¶10. Arena's Complaint alleges that Verizon:

> maintains, operates, and administers systems that provide nodes to wirelessly communicate data, including video captured throughout a venue, to hand held devices throughout the venue, that infringes one or more claims of the '820 patent, including claim 15, literally or under the doctrine of equivalents.

*Id*. ¶ 8.  According to Arena, Verizon directly infringes Claim 15 when it "put the inventions claimed by the '820 Patent into service (i.e., used them)." *Id.*  Arena does not identify the accused systems that Verizon allegedly "maintains, operates, and administers" or put "into service." Instead, Arena alleges that "[s]upport for the allegations of infringement may be found in the following preliminary table included as Exhibit A." *Id.* ¶ 9.

Claim 15 of the '820 Patent, as broken out in Exhibit A, includes a recitation of a public "venue" in each claim element:

> A system supporting the communications of video and data to hand held wireless devices located <u>throughout a public venue</u>,
>
> comprising more than one self-contained pod including wireless communications electronics and an integrated antennae operating as a wireless access point [and] deployed as a matrix of communications nodes

---

2021) (quoting *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (alteration in original).

throughout the public venue to provide enhanced wireless communications capacity throughout the sports and entertainment venue and

to support bi-directional communication of the hand held wireless communication device used by spectators located throughout the sports and entertainment venue and

provide data including video from at least one server accessed over a data network through said at least one contained in a self-contained pod by said hand held wireless devices located throughout the public venue.

Exhibit A to the Complaint is a four-page chart that includes the claim limitations on the left, and a description of the alleged infringement on the right. The right column repeats the claim language and includes screenshots of marketing material related to Verizon's accused product.

Notably, Arena's sole factual allegation of the location of infringement (the claimed "sports and entertainment venue") is in Florida, not Texas:

Tampa: Last year, Verizon invested over $80 million dollars for permanent network enhancements to its award-winning network to support the Super Bowl at Raymond James Stadium and around Tampa. The stadium and the surrounding areas received substantial 5G enhancements, including 70 miles of high speed fiber, an upgraded distributed antenna system (DAS), and 281 small cell antennas that will provide coverage at events in and around the stadium as well as Downtown Tampa, Ybor City and the Tampa Riverwalk.

Dkt. 1-1 at 2 (emphasis in original).

## II.   VENUE IS NOT PROPER IN THIS DISTRICT

Venue as alleged in the Complaint is improper in this District under both prongs of § 1400(b). First, Verizon is a Delaware corporation, as the Complaint avers, and thus does not "reside" in this District. Second, the Complaint does not provide any factual allegations to support its conclusory legal statements that Verizon is committing acts of infringement in this District. Verizon respectfully requests that the Court grant its motion and dismiss this case. FED. R. CIV. P. 12(b)(3); 28 U.S.C. § 1406(a).

### A.      Legal Standard for Venue

In a patent case, venue is proper only "[1] in the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017). When applied to domestic corporations, the first prong of section §1400(b) "refers only to the State of incorporation." *TC Heartland*, 137 S. Ct. at 1521; *Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1287 (Fed. Cir. 2021). The second prong of Section § 1400(b) requires a plaintiff to show that the alleged infringer committed acts of infringement in the district *and* maintains a regular and established place of business in the District. *Andra Grp*, 6 F.4th at 1287.

Once a defendant challenges the propriety of venue, the burden shifts to plaintiff to prove whether venue is proper. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). If venue is improper under § 1400(b), the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

### B.      Verizon Does Not "Reside" in This District

Arena's allegations in its Complaint make clear that Verizon does not reside in this District for the purposes of the first prong of § 1400(b). *See* Section I, *supra*. Verizon is a Delaware corporation. *Id.* Thus, Arena cannot establish venue based on Verizon's residency under 28 U.S.C. §1400(a). *See also TC Heartland*, 137 S. Ct. at 1521.

### C.      Arena Does Not Provide Any Specific Factual Allegations That Verizon Has Committed Acts of Infringement In This District.

Arena does not provide any specific factual allegation of infringement in this district. To be clear, Arena's Complaint parrots Section 1400(b) by stating that "Defendant has committed acts of infringement and has a regular and established place of business in this District." Dkt. 1, ¶

5.  However, the Federal Circuit has already held that merely parroting the statute is insufficient. *Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1382 (Fed. Cir. 2019) ("Westech, in effect, claims that in lieu of pleading facts, it is sufficient to parrot the language of § 1400(b). <u>This is incorrect.</u>") (emphasis added).

Thus, the Court's venue analysis must focus on the specific factual allegations related to venue.  Arena's Complaint does not make any factual allegation of infringement in the Western District of Texas.  Rather, the sole factual allegation of infringement relates to Raymond James Stadium in Tampa, Florida.  See Dkt. 1-1 at 2.  Such allegations are insufficient for venue in this district.  Because Arena does not allege any facts related to infringement in this District, the Court should dismiss the Complaint.

## III.    ARENA'S COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF

### A.    Legal Standard For Failure To State A Claim

Rule 8 requires that a plaintiff "provide enough information for the defendant[] to identify the accused products and how they infringe on the asserted patent."  *Estech Sys., Inc. v. Regions Financial Corp.*, No. 6:20-cv-00322-ADA, 2020 WL 6324321, at *2 (W.D. Tex. Oct. 28, 2020) (citing *Chinsammy v. United States*, 95 Fed. Cl. 21, 23 (2010)).  The first part therefore requires "a patent infringement Plaintiff to identify an accused product by name in most cases such that the Defendant is on notice of what specific conduct is alleged to constitute infringement."  *Id.*  "[A]s a matter of law, there can be no infringement when Plaintiff has failed to identify an accused product."  *Id.*

Once an accused product has been identified, "the pleadings standards established by [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)] and [*Ashcraft v.* Iqbal, 56 U.S. 652, 678 (2009)] require a plausible inference that an accused device meets all of the limitations of the asserted

claims." *Id.*; *see also CPC Patent Techs. PTY v. Apple Inc.*, No. 6:21-cv-00165-ADA, 2022 WL 118955, at *1 (W.D. Tex. Jan. 12, 2022) ("To allege direct infringement, the plaintiff must allege facts sufficient to create a plausible inference that ***each element*** of the claim is infringed by the accused products.") (citing *Kirsch Research and Dev., LLC v. Atlas Roofing Corp.*, No. 5:20-cv-00055-RWS, 2020 WL 8363154, at *2 (E.D. Tex. Sept. 29, 2020)) (emphasis in original).  It cannot be said, however, that a direct infringement claim is "sufficiently pleaded so long as plaintiff provides a claim chart or element-by-element mapping."  *Vervain, LLC v. Micro Tech., Inc.*, No. 6:21-cv-00487-ADA, 2022 WL 23469, at *7 (W.D. Tex. Jan. 3, 2022).

"A pleading offering 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not suffice."  *Estech*, 2020 WL 6324321, at *1 (quoting *Twombly*, 550 U.S. at 555).  Accordingly, a complaint does not comply with the pleading standard "if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, "the complaint must support its entitlement to relief with 'factual content,' not just conclusory allegations that the accused product(s) meet every claim limitation."  *Vervain*, 2022 WL 23469, at *2.  "If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim."  *CPC Patent Techns.*, 2022 WL 118955, at *1 (quoting *Chapterhouse, LLC v. Spotify, Inc.*, No. 2:18-cv-00300-JRG, 2018 WL 6981828, at *1 (E.D. Tex. Dec. 11, 2018)).

### B.    Arena's Complaint Fails to Identify a Specific Accused Verizon Product

Neither the Complaint, nor the claim chart appended to the Complaint, identify a specific Verizon product or system that is alleged to meet every element of Claim 15.

Specifically, while the Complaint alleges that Claim 15 is infringed by a "system supporting the communications of video and data to hand held wireless devices located throughout a public venue" and that Verizon "maintains, operates, and administers" such a system, Arena has

not actually identified any such system in the United States or provided any facts in support of such an allegation, as required by 35 U.S.C. § 271(a). Indeed, although Arena's Complaint uses the capitalized terms "Accused Systems" and "Accused Products/Systems" in the context of discussing its indirect infringement allegations (Dkt. 1, ¶¶ 10-11), it does not use those terms in the direct infringement allegations. And, in any event, even in the indirect infringement context, it does not actually provide a direct infringer or a definition of the accused "Systems" or "Products/Systems." At best, it alleges that the accused system can be used to "wirelessly communicate data, including video captured throughout a venue, to hand held devices throughout the venue via two or more nodes." Dkt. 1, ¶ 10 (discussing induced infringement by instructing users to "use Defendant's Accused Systems (e.g., wirelessly communicate data, including video captured throughout a venue, to hand held devices throughout the venue via two or more nodes) such as to cause infringement of at least claim 15 of the '820 patent, literally or under the doctrine of equivalents."). Such a generic allegation is facially untethered to any specific Verizon product or system.

Exhibit A, in turn, alleges, as to the first two claim limitations, that "Verizon Access Points (antennas) allow handheld wireless devices to receive video and data at a public Venue" and "Verizon uses multiple Access Points (Antennas) throughout the public venue, that transmit WIFI to handheld wireless devices," as shown below:

| | |
|---|---|
| A system supporting the communications of video and data to hand held wireless devices located throughout a public venue, | For example, the Verizon Access Points (antennas) allow handheld wireless devices to receive video and data at a public Venue. |

Dkt. 1-1, Ex. A, at 1.

| comprising more than one self-contained pod including wireless communications electronics and an integrated antennae operating as a wireless access point deployed as a matrix of communications nodes throughout the public venue to provide enhanced wireless communications capacity throughout the sports and entertainment venue and | For example, Verizon uses multiple Access Points(Antennas) throughout the public venue, that transmit WIFI to handheld wireless devices. |
|---|---|

*Id.* at 2.

But "access points" is a generic term not explicitly tied to any specific Verizon product or system. Thus, "[t]he statement claiming infringement fails to reasonably inform Defendant as to what devices or practices, if any, are accused of infringement." *Estech*, 2020 WL 6324321, at *2. Indeed, it would be troubling if Arena were accusing such generic wireless technology as infringing, given the statements in the background section of the '820 Patent that admit that such wireless technology has already "found its place in sports and entertainment venues over the past decade." Dkt. 1-2 ('820 Patent), at 1:34-36; see also id. at 1:49-52 ("Wireless communication can be provided to handheld devices via cellular and 802.11 (Wi-Fi) systems . . . New sports and entertainment venues are now being designed and built to incorporate wireless data communications infrastructure in order to enable enhanced spectator experiences."). This is because "[a] plaintiff cannot establish why it is plausible that the accused product infringes the patent claim by merely articulating why it is plausible that the accused product practices the prior

art. Pleading only the latter begs the obvious alternative explanation that the accused infringer is merely practicing the prior art." *Vervain*, 2022 WL 23469, at \*5 (internal quotations omitted).

Here, both the Complaint and Exhibit A reference nothing more than a generic class of wireless technology – "access points" – that is at least as, if not more, "unclear and ambiguous" as *Estech's* reference to "VoIP telephone systems." Because "there can be no infringement when Plaintiff has failed to identify an accused product," Arena's Complaint should be dismissed. *See Estech*, 2020 WL 6324321, at \*2.

### C.  Arena's Complaint Fails to Allege Facts Sufficient to Create a Plausible Inference that Each Element of the Claim is Infringed

Even assuming "Verizon Access Points" was sufficient to put Verizon on notice as to what specific product is accused of infringement (it is not), Arena's Complaint still fails to state a claim for relief because Arena fails to allege any facts "sufficient to create a plausible inference that each element of the claim is infringed" by such access points. *See CPC Patent Techs.*, 2022 WL 118955, at \*1. To support its direct infringement allegations, Arena relies on the "claim chart" attached as Exhibit A to the Complaint.  Arena's chart offers nothing but screenshots from some unidentified recitation of functionality and the claim language, all of which fails to allege facts "sufficient to create a plausible inference that ***each element*** of the claim is infringed." *CPC Patent Techs.*, 2022 WL 118955, at \*1.

As to the third element of Claim 15, for example, Arena alleges:

Dkt. 1-1, Ex. A, at 3. It then annotates a Verizon video found on YouTube, presumably to suggest that some undisclosed Verizon product allows spectators to order food from their seats with their handheld devices. But the portion of the video excerpted by Arena's allegation does not relate to any such ordering of food. See Dkt. 1-1 at 3. The facts alleged, thus do not create a plausible inference that this element is met by any Verizon product.

Finally, in discussing the final limitation of Claim 15, Exhibit A alleges:

Dkt. 1-1, Ex. A, at 4. As factual support, Arena annotates a Verizon video found on YouTube and a Verizon document, presumably to suggest that Verizon provides data including video from at least one serve accessed over a data network by the hand held device. But the cited materials do

not state any factual support for the allegation that Verizon performs the act of providing the video data from a server.  Rather, Arena merely parrots the claim language.

Put simply, there is nothing that provides a factual basis to support Arena's allegations that Verizon "maintains, operates, and administers systems" that "provide data including video from at least one server accessed over a data network through said at least one contained in a self-contained pod by said hand held wireless devices located throughout the public venue," as required by this element of claim 15. Accordingly, Arena's complaint fails to state a claim upon which relief can be granted and dismissal is warranted. *See De La Vega v. Microsoft Corp.*, No. 6:19-cv-00612, 2020 WL 3528411, at *6-7 (W.D. Tex. Feb. 11, 2020) (dismissing with prejudice direct infringement claim because the complaint was "devoid of [factual] allegations that would support an inference that [defendant] (or anyone) performs the [required claim] steps").

## IV.     CONCLUSION

For the foregoing reasons, Verizon respectfully requests the Court grant its motion to dismiss.

Dated:  April 10, 2023

/s/ Kevin P. Anderson, with permission
by Shaun W. Hassett

Holly Engelmann
Texas Bar No. 24040865
Hengelmann@duanemorris.com
**DUANE MORRIS LLP**
Las Cimas IV
900 S. Capital of Texas Hwy, Suite 300
Austin, Texas 78746-5435
Telephone: (512) 277-2300
Facsimile: (512) 277-2301

Kevin P. Anderson
KPAnderson@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue N.W.,
Suite 700 East
Washington, DC 20001-4795
Telephone: (202) 776 5213
Facsimile: (202) 776 7801

Michael E. Jones
SBN: 10929400
Shaun W. Hassett
SBN: 24074372
POTTER MINTON, PC
102 N. College, Suite 900
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com
shaunhassett@potterminton.com

*Attorneys for Defendant VERIZON
COMMUNICATIONS INC.*