IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ARENA IP, LLC, *Plaintiff*, v. VERIZON COMMUNICATIONS, INC., *Defendant.* | Civil Action No. 6:23-cv-054-DAE  **JURY TRIAL DEMANDED** |

**VERIZON COMMUNICATIONS INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EXPEDITED VENUE DISCOVERY**

Plaintiff Arena IP, LLC ("Arena") misunderstands Defendant Verizon Communications Inc.'s ("Verizon") motion seeking dismissal for lack of proper venue (Dkt. 16). As explained in its Motion to Dismiss, venue is not proper because Arena does not allege that Verizon committed acts of infringement <u>in this District</u> as required under the law. 28 U.S.C. §1400(b); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514 (2017). Instead of addressing this threshold venue question, in a re-purposed motion[1] Arena seeks leave to take venue discovery arguing that it is necessary "and significant in determining whether this forum is convenient and whether venue is proper as a result of the operations in this District." Dkt. 21 at 5. This "good cause" basis may be enough if Verizon were seeking dismissal or transfer based on whether it resides or has a regular and established place of business in this District (as Akamai argued)—but that is not Verizon's argument. Arena's failure to articulate a good cause basis for discovery tied to the facts of *this* case and Verizon's Motion to Dismiss (which did not raise the regular and established place of business factor) is fatal to its motion. Additionally, Arena's failure to timely respond to Verizon's Motion to Dismiss warrants denial of Arena's motion to conduct venue discovery, a finding that Verizon's Motion to Dismiss is unopposed, and dismissal of this case.

## I.      FACTUAL BACKGROUND

On January 27, 2023, Arena sued Verizon, accusing Verizon of infringing U.S. Patent No. 8,320,820 (the "'820 Patent" or "Patent-in-Suit"). Dkt. 1. Arena's Complaint acknowledges that

---

[1] Arena's Motion for Leave is essentially the same as its Motion for Leave to Conduct Expedited Venue Discovery Prior to Responding to Defendant's Motion to Dismiss for Improper Venue filed in *CTD Networks LLC v. Akamai Techs., Inc.*, No. 6:22-cv-01302-XR (W.D. Tex. Mar. 24, 2023) (Dkt. 19). Unlike Verizon, Akamai moved to dismiss for improper venue arguing that (1) it did not reside in the Western District of Texas, and (2) it does not have any place of business (much less a "regular and established" place of business) in the Western District of Texas. *CTD Networks LLC v. Akamai Techs., Inc.*, Dkt. 22. Here, Verizon seeks dismissal because (1) it does not reside in the Western District of Texas, and (2) there are no factual allegations that it is committing acts of infringement in this District. Dkt. 16.

Verizon is a Delaware corporation (*id.* ¶ 2) and makes vague allegations that Verizon has committed acts of infringement "directly or through [unnamed] intermediaries" in this District (*id.* ¶ 5). The sole factual allegation about the *location* of infringement is found in Arena's "preliminary table" attached as Exhibit A to the Complaint. In Exhibit A, the system accused of infringement is located at the Raymond James stadium in Tampa, Florida – not anywhere in Texas, let alone in this District.

> Tampa: Last year, Verizon invested over $80 million dollars for permanent network enhancements to its award-winning network to support the Super Bowl at Raymond James Stadium and around Tampa. The stadium and the surrounding areas received substantial 5G enhancements, including 70 miles of high speed fiber, an upgraded distributed antenna system (DAS), and 281 small cell antennas that will provide coverage at events in and around the stadium as well as Downtown Tampa, Ybor City and the Tampa Riverwalk.

Dkt. 1-1 at 2 (emphasis in original).

On April 10, Verizon filed a Motion to Dismiss asserting that venue is improper under 28 U.S.C. §1400(b) and dismissal is warranted under Federal Rule of Civil Procedure 12(b)(3).[2] Dkt. 16. Under Local Rule 7(d)(2), Arena's response was due April 24, 2023. Instead of responding to Verizon's Motion to Dismiss, Arena filed its instant motion for leave to conduct expedited venue discovery seeking:

- Limited, "expedited venue discovery prior to responding to Defendant's Motion to Transfer" (Dkt. 21 at 1-2) – Verizon did not seek transfer in its motion to dismiss (Akamai did).

- Permission to explore "the otherwise unverified factual assertions made by the declarant in support of Defendant's Motion" and "the veracity of the

---

[2] Verizon also moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) based on Arena's failure to state a claim. This second basis for dismissal is not pertinent to Arena's instant motion.

- representations in the Declarant's declaration" (*id*. at 2, 5) – Verizon did not submit a declaration (Akamai did).

- Discovery about "Defendant's operations in this District, Defendant's development and/or sales of the Accused Instrumentalities, and the location and accessibility of documents regarding the Accused Instrumentalities" (*id*.) – factors relevant to whether there is a regular and established place of business (an issue Akamai disputed), but is not the basis for Verizon's assertion that venue is improper.

- Discovery "regarding the nature of Defendant's contacts with this District" (*id*. at 4) – a factor relevant to personal jurisdiction, an issue Verizon did not raise.

- Discovery about "Defendant's current and future plans for offices and employees in this District," "job listings for positions located in Texas," hiring, property ownership, "marketing or advertising" of products or services in this District, operations in Texas (*id*. at 4-5) – *In re Cray*, 871 F.3d 1355 (Fed. Cir. 2017), factors used to determine whether a defendant has a place of business that is regular and established, an issue Verizon did not raise.

In its motion to conduct venue discovery, Arena also seeks an extension of time to respond to Verizon's motion to dismiss until after the Court decides its motion because Arena's "proposed venue discovery is necessary to facilitate fair and full adjudication of Defendant's Motion." *Id*. at 6. If Arena's motion is granted, Arena asks that is response be extended to fourteen days after venue discovery is completed. *Id*.

## II.     ARGUMENT

### A.    Arena's Request For an Extension of Time to Respond To Verizon's Motion to Dismiss Violates this Court's Local Rules and Administrative Procedures.

As an initial matter, Arena has not timely filed a response to Verizon's Motion to Dismiss. On April 10, 2023, Verizon filed its Motion to Dismiss (Dkt. 16), making Arena's response due no later than April 24, 2023. Instead of filing a response, on April 24, Plaintiff filed an opposed motion for discovery and motion for extension of time to respond to Verizon's Motion to Dismiss. Dkt. 19. Because Arena waited until the day its response was due to file the opposed extension,

3

the motion did not become ripe until after the dismissal response was due.[3] As Arena's counsel is aware, an opposed motion for discovery does not excuse it from having to timely file a response to a motion. *See WirelessWerx IP LLC v. Google LLC*, Case No. 6:22-cv-1056-RP, Dkt. 45 at 2 (W.D. Tex. Mar. 27 2023) (denying the same plaintiff's counsel's motion to conduct discovery as untimely). And since Arena did not file a timely response, Verizon respectfully requests the Court deem its Motion to Dismiss unopposed and grant the relief required therein. *See* Local Rule CV-7(d)(2) ("If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed."). Arena's counsel is also aware of this Local Rule and the court's authority to grant unopposed motions. *See Peter Pedersen v. Zoho Corp.*, Case No. 6:22-cv-00408-ADA, Dkt. 22 (W.D. Tex. Jan. 23, 2023) (granting defendant's motion as unopposed after the same plaintiff's counsel's notice of venue discovery was found not to constitute a sufficient response under Local Rule CV-7(D)(2)).

Arena's knowing failure to follow this Court's Local Rules, combined with the fact that the basis for Arena's request for an extension of time to respond to Verizon's Motion to Dismiss is untrue (that its proposed venue discovery is "necessary to facilitate fair and full adjudication" of Verizon's Motion to Dismiss), Arena's requested extension should be denied, Verizon's Motion to Dismiss be deemed unopposed, and this case be dismissed.

    **B.**    **Arena's Requested Relief Will Not Uncover Information Bearing on Verizon's Motion to Dismiss.**

Arena's Complaint and Motion do not provide any specific factual allegation that Verizon has committed any act of infringement <u>in this District</u> as required under 28 U.S.C. § 1400(b), which

---

[3] Arena's dual request for both an extension and venue discovery in the same pleading is prohibited by this Court's local rules and administrative procedures. *See* W.D. Tex. Loc. R. CV-7(d); W.D. Tex. Admin. Policies and Procedures 12(e).

allows for a patent infringement action to "be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." *See also TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514, 1518-1519 (2017). Because the venue discovery Arena seeks is not tied to the issues raised in Verizon's motion to dismiss – related to *where* the acts of infringement occurred – good cause has not been established. To allow Arena's proposed discovery would be wasteful and unnecessary because it is totally irrelevant to Verizon's Motion. While the Rules may favor broad discovery, jurisdictional discovery should be denied "where it is *impossible* that the discovery 'could . . . add[] any significant facts' that might bear on the jurisdictional determination." *See Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*, No. 2:17-cv-00430-JRG, 2019 WL 2210686, at *3 (E.D. Tex. May 22, 2019) (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000)).

Here, the articulated discovery Arena seeks (e.g., contacts with this District, operations in this District, development and/or sales of Accused Instrumentalities, location and accessibility of documents) has nothing to do with *where* the acts of infringement occurred. Thus, it would be impossible that Arena's proposed discovery would add any significant facts bearing on the Court's determination of Verizon's Motion to Dismiss.[4]

### III.   CONCLUSION

For the foregoing reasons, Verizon respectfully requests the Court deny Arena's Motion for Leave to Conduct Expedited Venue Discovery Prior to Responding to Defendant's Motion to

---

[4] If the Court grants Arena's motion, Verizon requests that the discovery be solely related to location of alleged infringement and that any discovery served count against Arena's discovery limits in the litigation. Additionally, while Verizon does not believe a deposition is necessary at all, should the Court grant Arena a deposition, Verizon requests that any deposition on the limited issue of where alleged infringement occurs should be limited to one one-hour deposition.

Dismiss for Improper Venue (Dkt. 21). In addition, Verizon respectfully requests the Court deem Verizon's Motion to Dismiss (Dkt. 16) unopposed and grant the relief requested therein.

Dated:  May 8, 2023

/s/ Shaun W. Hassett
―――――――――――――――――
Holly Engelmann
Texas Bar No. 24040865
Hengelmann@duanemorris.com
**DUANE MORRIS LLP**
Las Cimas IV
900 S. Capital of Texas Hwy, Suite 300
Austin, Texas 78746-5435
Telephone: (512) 277-2300
Facsimile: (512) 277-2301

Kevin P. Anderson
KPAnderson@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue N.W.,
Suite 700 East
Washington, DC 20001-4795
Telephone: (202) 776 5213
Facsimile: (202) 776 7801

Michael E. Jones (SBN: 10929400)
Shaun W. Hassett (SBN: 24074372)
POTTER MINTON, PC
102 North College, Suite 900
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com
shaunhassett@potterminton.com

*Attorneys for Defendant VERIZON COMMUNICATIONS INC.*